UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAMION NEVILLS, JR., | Case No. 2:24-cv-10485 |
| *Plaintiff*, | Mark A. Goldsmith<br>United States District Judge |
| v. | Patricia T. Morris |
| OKPA, GILLESPIE, MacLEAN, A. DALTON, McCOLLOGH, MALLOY, DAVID, KINNER, and COSTILLO, | United States Magistrate Judge |
| *Defendants*.<br>_____/ | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 20)

This is a prisoner civil rights case. Plaintiff Damion Nevills, Jr. brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights as well as under state law for assault and battery and intentional infliction of emotional distress. (ECF No. 1, PageID.1–2). Defendants are all MDOC employees. (*Id.* at PageID.2–3).

Before the Court is Nevills' "motion for discovery," which the Court construes as a motion to compel discovery. (ECF No. 20). Defendants' pending motion for summary judgment on the basis of exhaustion (ECF No. 23), will be addressed in a separate Report and Recommendation.

Nevills' motion concerns a request to produce documents, but it does not

1

specify what documents he is requesting. (*Id.*, PageID.63–64). Regardless, Nevills' motion is premature. To date, no scheduling order has been entered, meaning this case has not yet proceeded to the discovery phase of litigation. *See Brown v. Snyder*, No. 19-11325, 2020 WL 6342669, at *2 (E.D. Mich. Oct. 29, 2020) ("In *pro se* prisoner civil litigation, such as this case, discovery typically commences upon issuance of a scheduling order setting discovery and dispositive motion deadlines."); *Annabel v. Fronczak*, 2024 WL 4245400, at *1 (E.D. Mich. Sept. 19, 2024) (denying plaintiff's discovery request without prejudice because scheduling order had not yet been entered), *aff'd*, 2024 WL 4433064 (E.D. Mich. Oct. 7, 2024).

If and when a scheduling order is entered, Nevills may seek discovery directly from Defendants. *See Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2, n.2 (E.D. Mich. Apr. 20, 2015) (explaining that discovery is exchanged between the parties and that discovery requests should not be filed on the docket except as exhibits to a motion or when ordered by the Court). Further, Nevills should only file a motion to compel if he believes that Defendants have failed to properly respond to his discovery requests. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34); *see also Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 9312105, at *3 (S.D. Ohio Dec. 23, 2015) ("A party cannot successfully move for an order compelling the production of documents when that

party did not first seek this information in accordance with Rule 34."). Any motion to compel must comply with the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules. *See Townsend*, 2015 WL 1781230, at *2 n.2 (reminding a *pro se* litigant that "he must comply with the appropriate court rules, including the Federal Rules of Civil Procedure and the Local Rules of the E.D.").

**IT IS SO ORDERED.**

Date:  March 17, 2025                             s/PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge