UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAMION NEVILLS, JR., | Case No. 2:24-cv-10485 |
| *Plaintiff*, | Mark A. Goldsmith<br>United States District Judge |
| v. | |
| OKPA, GILLESPIE, MacLEAN, A. DALTON, McCOLLOGH, MALLOY, DAVID, KINNER, and COSTILLO, | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants*. | |
| _____/ | |

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 39)

**I.   Introduction**

This is a prisoner civil rights case.  Plaintiff Damion Nevills, Jr. brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights as well as under state law for assault and battery and intentional infliction of emotional distress. (ECF No. 1, PageID.1–2).  Defendants are all employees of the Michigan Department of Corrections.  (*Id.* at PageID.2–3).

Before the Court is Nevills' second motion for the appointment of counsel. (ECF No. 39).  For the reasons explained below, the motion will be **DENIED WITHOUT PREJUDICE**.

1

## II. <u>Legal Standard</u>

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

**III.   Analysis**

This is Nevills' second time moving for the appointment of counsel. (*See* ECF No. 2). His first motion was denied without prejudice almost a year ago by the District Judge, who noted that the case was in its infancy and that service had not yet been achieved on Defendants. (ECF No. 9). He has now renewed this motion, asserting that he "does not comprehend well the study of legal concepts, and his writings are difficult to decipher." (ECF No. 39, PageID.222). "[Nevills] also struggles with a mental illness that requires treatment in a Residential Treatment Program where he is presently housed." (*Id.*). He notes that his motion to appoint counsel was filed with the assistance of a "jailhouse paralegal" and that he was previously appointed counsel in another case. (*Id.*).

At this stage of the litigation, the parties are awaiting a ruling from the District Judge on the Undersigned's Report and Recommendation, which recommends that Defendants' motion for summary judgment on the basis of exhaustion be denied. (ECF No. 28). As such, there is currently no work for an appointed attorney to do in this case. Upon resolution of Defendants' motion—should any of Nevills' claims survive—a scheduling order will be entered allowing for discovery and the filing of dispositive motions on the merits of the case.

Additionally, Nevills has not presented exceptional circumstances that would warrant the appointment of counsel at this time. While he has asserted that at least

one of his filings was made with the assistance of a jailhouse paralegal, he has not provided cause to believe that further assistance will be unavailable to him. Moreover, while he has referred to his mental health, "[a]morphous claims of 'serious mental health issues' are not enough to warrant appointment of counsel." *Harrison v. Oliver*, No. 2:23-CV-10655, 2023 WL 5489024, at *3 (E.D. Mich. Aug. 24, 2023), *aff'd*, 2023 WL 6973867 (E.D. Mich. Oct. 23, 2023) (quoting *Johnson v. Lalonde*, No. 4:19-CV-11268, 2019 WL 4166917, at *2 (E.D. Mich. Sept. 3, 2019)). In *Johnson*, the plaintiff's impaired judgment and behavior due to paranoid schizophrenia did not provide reason for the appointment of counsel because the plaintiff had demonstrated the ability to articulate his claims and adequately communicate requests to the court. 2019 WL 4166917, at *2. Here, Nevills has adequately grieved and pled his case such that the Undersigned has recommended that Defendants' motion for summary judgment be denied, which demonstrates his ability to manage the case going forward.

Outside of the most exceptional cases, courts generally do not appoint counsel until after motions to dismiss or for summary judgment are decided. *See Griffin v. Klee*, No. 2:14-CV-14290, 2015 WL 3407919, at *1 (E.D. Mich. May 27, 2015)*; Sigers v. Bailey*, No. 08-13298, 2009 WL 1617862, at *1 (E.D. Mich. June 9, 2009). "In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided." *Burns v.*

4

*Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019). That is to say, Nevills is unlikely to be referred to the Pro Bono Case Administrator for appointment of an attorney until after discovery has closed and dispositive motions have been decided, and only then if he has remaining claims that are ready for trial.

If any claims remain once this case has progressed further in the litigation process, Nevills may file a renewed motion for the appointment of counsel at that time. For now, his motion for the appointment of counsel is denied without prejudice.

**IV.** <u>**Conclusion**</u>

For these reasons, Nevills' motion to appoint counsel (ECF No. 39) is **DENIED WITHOUT PREJUDICE**.

  **IT IS SO ORDERED.**

Date:  July 22, 2025                                                                s/PATRICIA T. MORRIS
                               Patricia T. Morris
                               United States Magistrate Judge