UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMION NEVILLS, JR.,

        Plaintiff,

v.

OKPA, et al.,

        Defendants.

_____/

Case No. 24-cv-10485

HON. MARK A. GOLDSMITH

**OPINION & ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE (Dkt. 23)**

The matter before the Court is Magistrate Judge Patricia T. Morris's Report and Recommendation (R&R) issued on April 17, 2025 (Dkt. 28). In the R&R, the magistrate judge recommends that Defendants MacLean, Dalton, McCollugh, Malloy, David, and Kinner's motion for summary judgment on the basis of exhaustion (Dkt. 23) be denied.[1] For the reasons that follow, the Court denies Defendants' motion without prejudice and allows them to file a renewed motion addressing issues not sufficiently set forth in the current briefing.

The issues presented in Defendants' motion for summary judgment and objections relate to whether Nevills properly exhausted his claims before filing this case.[2] Defendants argue that

---

[1] For clarity, the Court will refer to the six moving Defendants as "Defendants" in this Order. In addition to these Defendants, Plaintiff also sued non-moving Defendants Okpa, Gillespie, and Costillo. Compl. at PageID.1 (Dkt. 1). Defendants moved for summary judgment on the basis of exhaustion (Dkt. 23). Pro se plaintiff Damion Nevills responded, (Dkt. 25) and Defendants filed a reply (Dkt. 26). After the R&R was issued, Defendants filed objections (Dkt. 32) and Nevills filed a response to their objections (Dkt. 34). Because oral argument will not aid the Court's decisional process, the motion and objections will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

[2] A more thorough background of this case is set forth in the R&R. See R&R at PageID.126–129.

Nevills failed to exhaust his claims under MDOC Policy Directive 03.02.130 (P.D. 130), which is the three-step grievance procedure MDOC promulgated pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e et seq.  Nevills's complaint, and the Magistrate Judge's R&R, identify that MDOC Policy Directive 03.03.140 (P.D. 140), which is the grievance process applicable under the Prison Rape Elimination Act (PREA) 34 U.S.C. § 30302, may be applicable to this case.  Defendants' briefing did not adequately address the possibility that P.D. 140 could be applicable to this case.

Defendants' objections rely on the premise that the grievance procedure applicable to Nevills's claims is the MDOC's three-step grievance process set forth in P.D. 130.  In their objections, they dispute the possibility that the process applicable to prisoner grievances "regarding sexual abuse," set forth in P.D. 140, could apply here.  Defendants' objections also identify the issue of whether Nevills's grievance put them on notice of his allegations against them. The Court finds that these issues require further briefing before it can decide whether: (1) P.D. 130 or P.D. 140 applies; and (2) Nevills properly exhausted his claim under either directive, such that he gave "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 219 (2007).

Accordingly, the Court denies Defendants' motion without prejudice.  Defendants are granted leave to file a renewed motion for summary judgment on the exhaustion issue within 14 days of entry of this Order, setting forth: (i) the nature, time, and perpetrator of each act of alleged actionable conduct asserted against them in the complaint;  (ii) whether P.D. 130 or P.D. 140 applies to each such act, including an analysis whether each act was an act "regarding sexual

abuse"; (iii) the date and manner by which exhaustion was, or was not, effectuated, (iv) the authorities upon which Defendants rely for their contentions.

Nevills may file a response brief within 21 days after receiving Defendants' brief. A reply may be filed within 7 days of the filing of the response brief.

## CONCLUSION

For the reasons explained above, the Court denies without prejudice Defendants' motion for summary judgment on the basis of exhaustion (Dkt. 23) and grants leave for them to file a renewed motion for summary judgment, as detailed above .

**SO ORDERED.**

Dated: September 16, 2025                                   s/Mark A. Goldsmith
Detroit, Michigan                                          MARK A. GOLDSMITH
                                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2025.

                                                           s/Joseph Heacox
                                                           JOSEPH HEACOX
                                                           Case Manager

3